## S. H. WEATHERFORD v. THE STATE.

### No. 3464. Decided May 15, 1907.

**Local Option—Charge of Court—Prescription—Knowledge of Defendant.**

Where upon trial for a violation of the local option law the evidence showed that the defendant made no personal examination of the applicant for a prescription, the failure of the court to charge the want of knowledge on the part of defendant that the applicant was not sick in giving the prescription was not calculated to injure him.

Appeal from the County Court of Hunt. Tried below before the Hon. J. W. Manning.

Appeal from a conviction for a violation of the local option law; penalty, fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for violating the local option law; and prosecutes this appeal.

Appellant complains of the charge of the court, and at the refusal of the court to give several requested special instructions. The charge of the court here is substantially as follows: "If the jury believe that

appellant was a practicing physician, and gave a prescription to Horace Hickman, etc., and that said Hickman was not then and there actually sick, or that said appellant did not make a personal examination of said Horace Hickman, and said Hickman obtained intoxicating liquors on said prescription, etc.," and again, the court charged on, this subject: "If you believe from the evidence that Horace Hickman was actually sick at the time the defendant gave him the prescription, if he did give such prescription, yet if you believe from the evidence that defendant failed to make a personal examination of said Horace Hickman at said time, then and in that event you will find him guilty," etc. "But if you do not so believe beyond a reasonable doubt, you will acquit him." In Williams v. State, 10 Texas Ct. Rep., 979, we laid down a form of indictment in this character of case, and in said case we further reversed our former holding; that is, we formerly held that the State must prove that a doctor not only knew the applicant was not actually sick, but the State must prove also that he gave the prescription without a personal examination. We laid down the rule that it was sufficient if the State proved either; that is, that the doctor knew the applicant was not sick, or that if he gave a prescription without a personal examination, and a sale was obtained upon such prescription, in either event he would be guilty of a violation of the law. So it would appear that the charge here given by the court was not in accord with the Williams case. The court told the jury here, if they believed the applicant was not actually sick at the time appellant gave the prescription to convict him, whereas the Williams case required the defendant to know at the time he gave the prescription that the applicant was not sick.

Defendant, besides objecting to this charge of the court, requested a number of special charges, and he assigns the action of the court in giving said charge, and in refusing his special charges as error. We believe it was, but the question presents itself was it such error as was calculated to injure or impair the rights of appellant. The prosecutor was the only witness introduced on the trial, and he testified that he told the doctor he was not feeling well, was awful nervous; that he probably had a dumb chill the night before, or felt like it. "He then just wrote out the prescription and handed it to me, and I gave him a quarter. He asked me how much whisky I wanted, and I told him I wanted a pint, and he got a pint on it." He further stated that appellant did not make a personal examination of him, he did not feel of his pulse or look at his tongue. Evidently the mere statement of the witness to appellant that he was feeling nervous, and probably had a dumb chill the night before, convinced the doctor that the applicant was sick, and it was not necessary for him to personally examine the applicant. He took no means to diagnose his ailments, he did not even feel his pulse or look at his tongue; in fact there was no examination at all. The prescription appears to have been given upon a mere statement of the prosecuting witness, and it was sufficient to procure the desired prescription. Regardless, however, of whether or not prosecutor

was sick within the knowledge of appellant, we have laid down the proposition, as above stated, that the failure to make a personal examination of the applicant would be sufficient to authorize a conviction, and we accordingly hold that in this case that the failure to charge want of knowledge on the part of appellant in giving the prescription was not calculated to injure appellant.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*